# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Richard T. Gurley, United States Magistrate Judge

Civil Action No. 25-cv-00235-LTB-RTG

CHRISTOPHER FONTE,

    Plaintiff,

v.

JOHN DOE DA,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter comes before the Court on the Amended Complaint (ECF No. 12) filed *pro se* by Plaintiff Christopher Fonte on April 14, 2025. This matter has been referred to this Magistrate Judge for recommendation (ECF No. 14). This Magistrate Judge has considered the entire case file, the applicable law, and is sufficiently advised in the premises. It is respectfully recommended that the Amended Complaint and this action be dismissed.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days

1

**I. Background**

Plaintiff, a resident of Dillon, Colorado, initiated this action on January 23, 2025, by filing *pro se* a Complaint (ECF No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 2). The Court granted Plaintiff leave to proceed pursuant to 28 U.S.C. § 1915 (ECF No. 4).

On January 27, 2025, the Court reviewed the Complaint pursuant to D.C.COLO.LCivR 8.1(a), determined it suffered from pleading deficiencies, and entered an Order Directing Plaintiff to File Amended Complaint. (*See* ECF No. 5). Specifically, Plaintiff was instructed to file an amended pleading on the court-approved form that did not sue a defendant for conduct that was protected by absolute prosecutorial immunity. (*Id.*). After being granted additional time, Plaintiff filed the Amended Complaint on April 14, 2025 (ECF No. 12). Plaintiff brings this suit pursuant to 42 U.S.C. § 1983 against John Doe, an unnamed prosecutor for the El Paso County District Attorney's Office, alleging that Defendant violated Plaintiff's constitutional rights. (*Id.* at 2-3). He specifically alleges that

- Defendant "failed to perform even the most basic gatekeeping function required by their office" by ensuring that "any prosecution brought forward is supported by evidence, fairness, and due process";

- Defendant "intentionally subject[ed] "Plaintiff to prolonged legal proceedings, and intentionally fail[ed] to dismiss a baseless case for months";

---

after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

- Defendant "forced" Plaintiff to meet with him "under threat of further arrest" into a "private meeting with no judicial supervision, no advisements of rights and no legal representation";

- Defendant offered Plaintiff "community service, without any discussion or consideration of the actual facts of the case, which was the intention of this putative 'first' meeting";

- Defendant "failed to disclose or discuss this evidence that was exculpatory in nature";

- Defendant misled Plaintiff by stating that the "next appearance before an actual judge" was a "preliminary hearing" and "gave unsolicited legal 'advice'";

- Defendant "ignored evidence, made a blanket plea offer based solely on the title of the charge, and attempted to coerce Plaintiff into accepting the plea deal for a baseless charge without the protections and assistance of counsel";

- Defendant "intentionally prolonged the case until the arraignment hearing on January 23, 2023, when it was dismissed at the last minute without explanation."

(ECF No. 12 at 4-17). Plaintiff argues that Defendant's "acts—running an administrative process, coercing Plaintiff without counsel, ignoring evidence, and intentionally delaying justice—aren't 'intimately associated with the judicial process' . . . They're outside the scope of prosecutorial duties, so immunity cannot apply." (*Id.* at 9-10). As relief, Plaintiff seeks damages and declaratory relief. (*Id.* at 33).

## II. Analysis

The Court construes Plaintiff's filings liberally because he is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

3

1106, 1110 (10th Cir. 1991). The Court, however, should not be a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

Contrary to Plaintiff's assertions, his claims against Defendant are barred by absolute immunity because the claims are based on actions taken by Defendant in his role as a prosecutor or advocate for the State. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S. 478, 504 (1978). In *Imbler*, the Supreme Court recognized that prosecutors are entitled to absolute immunity for functions that are "intimately associated with the judicial phase of a criminal process." *Id.* at 430-31. The Supreme Court further concluded that "the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Id.* The Supreme Court has since reaffirmed that a prosecutor is entitled to absolute immunity when serving in an advocacy role. *See Burns v. Reed,* 500 U.S. 478, 492 (1991) (granting absolute immunity for a prosecutor's role in applying for a search warrant and presenting evidence in support of it). The Supreme Court later reiterated:

> We have not retreated, however, from the principle that acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made.

*Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993).

These cases make clear that it is the function being performed that determines

4

whether a prosecutor is entitled to absolute immunity, and that a prosecutor acting as an advocate for the state is afforded absolute immunity. *Id*. On the other hand, a "prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." *Id.* (citation omitted). Such activities, which are entitled only to qualified immunity, include: giving legal advice to police, *Burns,* 500 U.S. at 492–96, holding a press conference or allegedly fabricating evidence during the preliminary investigation of an unsolved crime, *Buckley,* 509 U.S. at 275–78, and personally attesting to the truthfulness of statements included in a certification, *Kalina v. Fletcher,* 522 U.S. 118, 129 (1997).

Here, Plaintiff has not alleged that Defendant took any administrative or investigatory actions that did not relate to Defendant's preparation for the initiation of a prosecution or for judicial proceedings against Plaintiff. Plaintiff's allegations are based on actions taken by Defendant in his role as an advocate for the state, and, therefore, are protected by prosecutorial immunity. *See e.g. Pfeiffer v. Hartford Fire Ins., Co.,* 929 F.2d 484, 1489 (10th Cir. 1991) (holding that prosecutors are immune from claims that they failed to sufficiently investigate a complaint before filing charges); *Hammond v. Bales,* 843 F.2d 1320, 1321-22 (10th Cir. 1988) (holding that prosecutor's conduct during plea negotiations is an activity that falls within the scope of prosecutorial immunity). In short, Defendant's involvement was limited to functioning as an advocate for the state in preparing to prosecute Plaintiff. As such, it is recommended that

Plaintiff's claims be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) based on absolute prosecutorial immunity.

## III. Recommendation

For the reasons set forth herein, this Magistrate Judge respectfully

RECOMMENDS that the Amended Complaint (ECF No. 12) be DISMISSED WITH PREJUDICE as barred by absolute prosecutorial immunity.

DATED April 25, 2025.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge