IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00235-LTB-RTG

CHRISTOPHER FONTE,

    Plaintiff,

v.

JOHN DOE DA,

    Defendant.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge filed on April 25, 2025 (ECF No. 15). After being granted multiple extensions to submit written objections (ECF Nos. 17, 19, 23, and 25), Plaintiff filed timely written objections to the Recommendation on December 7, 2025 (ECF No. 27).

Plaintiff objects to dismissal of his claims on initial review because "the Recommendation misapplies absolute prosecutorial immunity and ignores Plaintiff's coerced participation in extra-judicial conduct." (ECF No. 27 at 3). He argues that Defendant John Doe DA is not protected by prosecutorial immunity because "[h]e operated a non-judicial intake process, compelled Plaintiff's participation under threat of arrest, blocked access to a judge, and tried to extract waivers and a plea from an uncounseled disabled defendant outside any formal proceedings." (*Id.* at 15). He specifically alleges that "the DA's 'First Appearance' meeting was outside any lawful

1

judicial or plea process"; that this meeting included "plea discussions," which were "uncounseled, off-record, pre-arraignment," which conflicts with Colorado's plea-bargaining framework; that the DA "did not act as a courtroom advocate implementing the existing process; he created and ran his own process, then used his badge and title to compel Plaintiff into it under threat of 'consequences'"; that the DA "wrongfully attempted to pressure Plaintiff to discuss the merits of the charge and to consider pleading guilty in a closed-door meeting"; that the DA's conduct was an "extra-judicial usurpation of process" involving a "private, off-record administrative meeting conducted before any judicial involvement;" and that the following tasks were "quintessentially administrative": (1) "the 'first appearance center' was an administrative intake location with no judge, no record, no advisement, and no formal court proceeding;" (2) "Defendant acted as a gatekeeper controlling access to the court, rather than as an advocate in court;" (3) "Plaintiff was forced into a private, off-record meeting under threat of further arrest or 'consequences,' with no rights read and no counsel present"; and (4) Defendant gave misleading legal advice to an unrepresented person in order to delay or suppress filings and keep the matter away from a judge." (*Id.* at 3-11). He contends that these acts "are administrative and extra-judicial abuses of authority," which fall "outside the protected core of prosecutorial advocacy recognized by *Imbler*." (*Id.* at 15).

The Court has reviewed the Recommendation *de novo* in light of the file and record in this case. On *de novo* review the Court will decline to accept and adopt the Recommendation because Plaintiff's claims are not appropriate for summary dismissal at this time.

Accordingly, for the foregoing reasons, it is

ORDERED that the Recommendation of United States Magistrate Judge (ECF No. 15) is rejected. It is

FURTHER ORDERED that the Amended Complaint (ECF No. 12) shall be assigned to District Judge Daniel D. Domenico and Magistrate Judge N. Reid Neureiter pursuant to D.C.COLO.LCivR 40.1(d)(1). It is

FURTHER ORDERED that Plaintiff's Motion for Extension of Time to File Objections (ECF No. 26) is denied as moot.

DATED: December 11, 2025

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court